IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-35-D

| RICHARD COLEMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER and MEMORANDUM & RECOMMENDATION** |
| ELAINE BUSHFAN, JENNIFER GREEN, M.P. EAGLES, DONALD STEPHENS, GREGORY MCGUIRE, JENNIFER KNOX,[1] JOHN H. CONNELL, KAY SILVER, THE STATE OF NORTH CAROLINA, NORTH CAROLINA DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This pro se case is before the court on the application [DE #1] by Plaintiff Richard Coleman to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable James C. Dever III, Chief United States District Judge.[2] For the reasons set forth below, Plaintiff's application to proceed *in*

---

[1] Plaintiff's complaint names Nancy Freeman in her official capacity as Clerk of Superior Court for Wake County, North Carolina, as a defendant to this action. Jennifer Knox now holds the position of Clerk of Superior Court for Wake County and is therefore substituted as a defendant to this action.

[2] Plaintiff has also filed a document [DE #5] asserting that the undersigned is without authority to consider his application and conduct frivolity review. Pursuant to 28 U.S.C. § 636, a district judge "may designate a magistrate judge to hear and determine" nondispositive pretrial matters pending before the court. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A magistrate judge may also be designated to make proposed findings of fact and recommendations for a district

*forma pauperis* is allowed, and it is recommended that Plaintiff's claim against Defendants be dismissed.

## IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed *in forma pauperis* is allowed.

## DISCUSSION

### I. Background

Plaintiff is suing Defendants for actions taken in connection with a case filed in state court in Wake County, North Carolina. Though unclear, it appears the Wake County case stems from a family law dispute dating back to 1985. Plaintiff's complaint alleges that Kay Silvers, the mother of Plaintiff's child, lied to their daughter for the past thirty years in order to turn the child against him. Plaintiff

---

judge's disposition of any dispositive matters. 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). A party's consent is not required for the magistrate judge's exercise of authority pursuant to § 636(b)(1)(A) or (B). *In re Artis*, 955 F.2d 40 (4th Cir. 1992) ("[M]agistrate judges may act on preliminary, nondispositive matters without the consent of the parties . . . ."). As the undersigned acts in accordance with the district judge's designation pursuant to 28 U.S.C. § 636(b)(1), Plaintiff's objection to the undersigned's authority should be overruled.

reports that his now-adult daughter emailed him recently, explaining she had not contacted him over the years because of the lies Silver had told her.

Plaintiff asserts the following as causes of action stemming from acts that are alleged to have occurred during or in relation to state-court proceedings: (1) fraud, (2) conspiracy to commit fraud, (3) slander, (4) perjury, (5) felony subordination of perjury, (6) felony witness tampering, (7) filing fraudulent reports with the court, (8) violations of Plaintiff's First, Fourth, Fifth, Seventh, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and conspiracy to violate those rights, (9) denial of and conspiracy to deny Plaintiff's state-court appeal, (10) liability under the doctrine of vicarious liability, and (11) violation of 18 U.S.C. §§ 1962 and 1964.

Plaintiff has named the following ten defendants in the current suit: (1) Wake County Superior Court Judge Elaine Bushfan; (2) Wake County District Court Judge Jennifer Green; (3) Wake County District Court Judge Margaret P. Eagles; (4) Wake County Superior Court Judge Donald Stephens; (5) Wake County Business Court Judge Gregory P. McGuire; (6) Wake County Clerk of Superior Court Jennifer Knox; (7) Clerk of the North Carolina Court of Appeals, John H. Connell; (8) Kay Silver; (9) the State of North Carolina; and (10) the North Carolina Department of Corrections. Plaintiff states that he is suing the named judges and clerks of court in their official capacities. Plaintiff requests relief in the form of monetary damages.

## II. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be

frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive

4

arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

### III. *Rooker-Feldman* Bar

At its core, Plaintiff's complaint attacks proceedings in the Wake County District and Superior Courts of North Carolina. Although of a rambling and unclear nature, the complaint alleges several causes of actions against defendants for actions taken over the course of what appears to be several hearings and numerous court filings. As recognized by the Supreme Court, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198-99 (4th Cir. 2000). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Plaintiff appears to directly challenge the decision of the state court to grant summary judgment on a motion filed by Defendant Silver, as well as decisions of the court and the clerk of court to allow certain filings and proceedings. This would necessarily require review of the state-court judgments, which is prohibited under the *Rooker-Feldman* doctrine.

Because the court is without jurisdiction to review the judicial actions of the Wake County District and Superior Courts, Plaintiff's complaint against Defendants should be dismissed in its entirety. Due to the confusing nature of Plaintiff's complaint and out of an abundance of caution, the undersigned nevertheless addresses Plaintiff's claims seriatim.

5

## IV. Judicial Immunity

Plaintiff purports to assert claims against Judges Elaine Bushfan, Jennifer Green, Margaret P. Eagles, Donald Stephens, and Gregory P. McGuire for certain rulings made by them in proceedings of the district and superior courts of Wake County. "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.*

Here, Plaintiff's claims against these defendants arise from judicial actions in granting summary judgment in favor of Silvers or in ruling on other court filings, matters over which they had jurisdiction. Therefore, Judges Elaine Bushfan, Jennifer Green, Margaret P. Eagles, Donald Stephens and Gregory P. McGuire are immune from suit, and the claims against them should be dismissed.

## V. Quasi-Judicial Immunity

Plaintiff has also sued Jennifer Knox and John H. Connell, the Clerk of Superior Court for Wake County and Clerk of Court for the Court of Appeals of North Carolina, respectively. Quasi-judicial immunity protects court clerks when carrying

6

Case 2:15-cv-00035-D   Document 6   Filed 06/08/16   Page 6 of 13

out judicial functions. *See Jarvis v. Chasanow*, 448 F. App'x 406 (4th Cir. 2011) (per curiam) (unpublished) (citing *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)). Additionally, "court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." *Hamilton v. Murray*, -- Fed. App'x --, 2016 WL 2806039, at *1 (4th Cir. 2016) (citing *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972)).

Here, it appears that Plaintiff alleges Knox's actions regarding state-court filings were taken subject to a judge's order. (Compl. [DE #1-1] at 30-44.) As such, Knox's actions would enjoy derivative absolute judicial immunity.

Plaintiff further alleges that Defendant Connell violated his rights by denying Plaintiff's appeal of Judge Bushfan's order and by denying Plaintiff's Rule 12 motion. (Compl. [DE #1-1] at 16.) These alleged acts arise from the clerk's conduct as a judicial officer. Therefore, Plaintiff's claim against Defendant Connell is barred by quasi-judicial immunity. *See, e.g., Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010) ("[I]nasmuch as plaintiff is attempting to make claims which arise out of actions by the superior court judge and/or the clerk of court within their capacities as judicial officers, these claims are barred by the doctrine of judicial immunity.").

## VI. Eleventh Amendment

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or

7

Case 2:15-cv-00035-D   Document 6   Filed 06/08/16   Page 7 of 13

Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment, . . . neither a State nor its officials in their official capacity may be sued for damages in federal court without their consent." *Gamache v. Cavanaugh*, No. 95-1829, slip op. at 1 (4th Cir. Apr. 12, 1996). Moreover, "state agencies are protected from suit by citizens of a state by the doctrine of sovereign immunity." *Teague v. N.C. Dep't of Transp.*, No. 5:07-CV-45-F, 2007 WL 2898707 at *2 (E.D.N.C. Sept. 28, 2007) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)).

Here, Plaintiff seeks to sue the state of North Carolina and the North Carolina Department of Corrections ("NCDOC") for Racketeer Influenced and Corrupt Organizations ("RICO") violations under 18 U.S.C. §§ 1962 and 1964 and for violation of his Fourth Amendment rights to privacy and to be free from unreasonable searches and seizures. Plaintiff alleges that his Fourth Amendment right was violated when a copy of a confidential psychological evaluation of Plaintiff dated August 30, 1985, was given to Defendant Silver in response to a subpoena submitted during the time period of 1985 to 1986. The undersigned presumes that Plaintiff brings the Fourth Amendment claims pursuant to 42 U.S.C. § 1983.

Plaintiff seeks to bring two additional claims against the State of North Carolina. The first claim asserts that North Carolina is vicariously liable for the actions of its judges and clerks. The second is brought pursuant to 42 U.S.C. § 1983 and, although unclear, appears to allege that North Carolina violated Plaintiff's Fourteenth Amendment rights by denying him equal protection under the law

because of his race. No facts are included to support this allegation and the claim therefore fails to meet the *Twombly* pleading standard.

Moreover, Plaintiff includes no allegations from which it may be inferred that the State of North Carolina has waived its immunity with respect to the claims Plaintiff alleges, nor does Plaintiff invoke a federal statute that abrogates North Carolina's sovereign immunity as to these claims. As the relief sought with respect to his § 1983 claim is not prospective in nature, the court has no jurisdiction to entertain Plaintiff's § 1983 claims against the State of North Carolina and the NCDOC. *See Antrican v. Odom*, 290 F.3d 178, 186 (4th Cir. 2002) (recognizing exception to Eleventh Amendment bar for claims seeking prospective injunctive relief due to ongoing federal violations). Thus, Plaintiff's claims against the State of North Carolina and the NCDOC should be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted.

### VII. Defendant Kay Silver

Plaintiff brings the following causes of action against Silver: (1) fraud; (2) conspiracy to commit fraud; (3) slander; (4) perjury; (5) felony subordination of perjury; (6) felony witness tampering; (7) filing fraudulent reports to court officials and judges; (8) civil rights claim pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's First, Fifth, Seventh, and Fourteenth Amendment rights; and (9) RICO violations under 18 U.S.C. §§ 1962 and 1964.

### a. 42 U.S.C. § 1983

Silver is not a proper defendant under § 1983. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. In order to properly state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Acting "under color of state law" requires a defendant to exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49. The element "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Although unclear, Silver appears to be Plaintiff's ex-wife.[3] Plaintiff alleges that Silver took several actions during proceedings in state court and in filing documents with the state court, which violated his constitutional rights. However, the facts alleged by Plaintiff demonstrate that Silver was acting as a private person and her conduct was not "clothed with the authority of state law." Therefore, she is not a proper defendant under § 1983, and this claim should be dismissed as frivolous or for failure to state a claim upon which relief may be granted.

---

[3] Plaintiff lists aliases by which Silver may be known, and one alias shares Plaintiff's last name. Additionally, Silver and Plaintiff had a child together.

### b. RICO Violations

Plaintiff also contends that Silver has committed RICO violations under 18 U.S.C. §§ 1962 and 1964. Construing liberally the reference in the complaint to the mailing of fraudulent court orders and documents, the undersigned construes Plaintiff's complaint as asserting a claim under RICO grounded in mail fraud. No private right of action arises from the mail fraud statute itself, 18 U.S.C. § 1341. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (acknowledging that the Supreme Court "has rarely implied a private right of action under a criminal statute").

RICO provides a private right of action for treble damages to "[a]ny person injured in his business or property by reason of a violation" of § 1962, 18 U.S.C. § 1964(c), which makes it "unlawful for any person employed by or associated with" a qualifying enterprise "to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity," 18 U.S.C. 1962(C). This includes mail fraud. 18 U.S.C. § 1961(1)(B). Mail fraud occurs whenever a person "having devised or intending to devise any scheme or artifice to defraud," uses the mail "for the purpose of executing such scheme or artifice." 18 U.S.C. § 1341.

Here, the complaint is devoid of facts demonstrating the existence of such a scheme or qualifying enterprise. Plaintiff merely alleges that Silver and other defendants committed mail fraud by sending fraudulent documents through the mails without any specific factual allegations concerning which documents were fraudulent, how the documents were fraudulent, the alleged purpose of the fraud,

when the alleged conduct occurred, or what damages resulted. Accordingly, Plaintiff has failed to state a RICO claim.

### c. Remaining Claims

Plaintiff's remaining claims are either state-law claims or criminal violations for which there is no civil cause of action. *See Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987) (holding that there is no civil cause of action for an alleged violation of a federal criminal statute unless Congress intended to provide such a remedy).

As Plaintiff's federal claims fail, there is no federal jurisdiction to which Plaintiff's state claims may attach. *See* 28 U.S.C. § 1367 (providing that a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). Having considered principles of comity, convenience, fairness and judicial economy, the undersigned recommends that the court decline jurisdiction over the remaining state-law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's claims be DISMISSED for lack of jurisdiction or, alternatively, as frivolous or for failure to state a claim upon which relief can be granted.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **June 27, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 8th day of June 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge